United States District Court
District of Massachusetts

```
_____
                              )
LISA M. SILVA,                )
     Plaintiff,               )
                              )
     v.                       )   Civil Action No.
                              )   09-10623-NMG
CITY OF NEW BEDFORD,          )
MASSACHUSETTS                 )
     Defendant.               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Lisa Silva ("Silva") brings suit against the City of New Bedford, Massachusetts ("defendant" or "the City") for the negligence of its officers pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, and for the City's allegedly unlawful custom, procedure or policy in violation of 42 U.S.C. §§ 1983, 1988 and of the First, Fourth and Fourteenth Amendments to the United States Constitution.  Before the Court is defendant's motion to dismiss.

I.   **Background**

This case arises out of allegations that New Bedford police officers Timothy Gibney ("Gibney") and William Sauve ("Sauve") violated Silva's rights during an arrest on June 16, 2007.  The complaint alleges that Silva drove to a night club to pick up her mother who had been denied entrance to the club.  The police had been called and Silva claims that, upon her arrival, a dispute

ensued between the officers, her mother and her. Silva asserts that she was physically mistreated, that she was punished for exercising her free speech rights and that she was arrested without any lawful cause. Based upon those allegations, Silva claims that 1) the City is liable under Massachusetts law for the unlawful acts of its officers, Gibney and Sauve, and 2) the circumstances of the arrest are enough to infer that whatever illegal actions the officers took represented a standard policy, custom or procedure of the City for which it is also liable.

This suit is the second one brought by Silva based upon the same arrest. On August 20, 2007, Silva sued officers Gibney and Sauve alleging eight counts of federal and state law violations. Although she later sought to amend her complaint to add the City as a defendant, the court denied her motion because it was filed too late in the proceedings. On March 11, 2009, Silva signed an Offer of Judgment as a result of which she was to be paid $35,000 and in which the defendants expressly denied any admission of liability. The court entered a final judgment on March 25, 2009.

On April 19, 2009, Silva filed her complaint against the City. The City filed a motion to dismiss on June 17, 2009 claiming that this suit is barred by res judicata. Silva filed a timely opposition to the motion. The Court heard oral argument on the motion at a scheduling conference on November 18, 2009.

**II.  Analysis**

    **A.  Legal Standard**

        **1.  Motion to Dismiss**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  The Court's review is more expansive, however, where a motion to dismiss is premised on a defense of res judicata.  Then, it may also take into account the record in the original action. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

        **2.  Res Judicata and Claim Preclusion**

Broadly, the doctrine of res judicata prevents re-litigating claims that "were raised or could have been raised in [a prior] action." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) (citation omitted).  Claim preclusion is a specific

application of res judicata which, under federal law, requires

> (1) a final judgment on the merits in an earlier action;
>
> (2) an identity of the cause of action in both the earlier and later suits; and
>
> (3) an identity of parties or privies in the two suits.

Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

With respect to the first element, a court-approved settlement generally receives the same res judicata effect as a litigated judgment. E.g., Langton v. Hogan, 71 F.3d 930, 953 (1st Cir. 1995). Although the First Circuit does not appear to have directly addressed whether a judgment entered pursuant to a Rule 68 Offer of Judgment (as was the case here) constitutes a final judgment for the purposes of res judicata, Silva apparently does not contest this point and thus it is not addressed below. See Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 504 (10th Cir. 2002) (declining to address the issue where neither party contested a ruling that it was a final judgment).

The second element requires that the causes of action in both suits be identical. The First Circuit has interpreted that as follows:

> if the claims ... were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any

> differences in remedies sought or theories of recovery pleaded.... [I]t necessarily follows that a particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts....

Kale, 924 F.2d at 1166 (citations and quotations omitted).

Finally, the third element of claim preclusion states that the parties in both suits must be the same or in privity with one another. Where the defendants are not identical (as here), however, the First Circuit has upheld so-called non-mutual claim preclusion. That allows "a party not involved in the earlier action [to] deflect [the subsequent] lawsuit because he should have been, but was not, included in the earlier suit." In re El San Juan Hotel Corp., 841 F.2d 6, 10 (1st Cir. 1988). Two similar formulations hold that doctrine is appropriately applied

> [where] the new defendants have a close and significant relationship with the original defendants ... [or if] the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance.

Id.

Non-mutual claim preclusion has been applied to relationships similar to the one between the City and the officers. Another session of this Court, for example, dismissed a second suit where liability of the non-party defendant was dependent upon liability of the defendants in the first suit through respondeat superior and where the later defendant could have been named in the first suit. Andrews-Clarke v. Lucent

Techs., Inc., 157 F. Supp. 2d 93, 100-01 (D. Mass. 2001). Likewise, non-mutual claim preclusion prevented suit against 1) a defendant who, as plaintiff recognized in the first suit, could have been added through an amendment to the complaint (though plaintiff ultimately chose not to do so) and 2) a defendant for whom liability was "entirely predicated" upon its relationship with the defendant in the first case, thereby giving rise to "exactly the type of significant relationship necessary for an application of defensive non-mutual claim preclusion." Airframe Sys., Inc. v. Raytheon Co., 520 F. Supp. 2d 258, 266 (D. Mass. 2007).

Finally, although non-mutual claim preclusion is often invoked by an employer/indemnitor after an employee/indemnitee prevails in the first action, that is not required. 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4463 (2d ed. 2009).[1] See also id. at § 4443 ("Release of an agent ... may defeat a claim based on the vicarious liability of the principal."); Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502 (11th Cir. 1990) ("Most other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion

---

[1] Here, whether formally labeled an indemnity relationship, the result was analogous. Counsel has represented to the Court that the settlement in the first suit was satisfied under an insurance policy funded by the City alone.

defense, regardless [of] which party to the relationship was first sued.") (citations omitted).

### 3. Denial of a Motion to Amend

Where a motion to amend the complaint to add new claims is denied, it can bar a second action asserting the same claims. Although the circumstances and reasons for denial of the motion to amend are important in deciding its preclusive effect, denial based upon the plaintiff's "dilatoriness" can preclude a later action if the claims arise from the same transaction or occurrence. Johnson v. SCA Disposal Servs. of New Eng., Inc., 931 F.2d 970, 975-75 (1st Cir. 1991). As another session of this court explained:

> If a claim is both transactionally related to one which is the subject of a pending lawsuit and was in existence at the time the first lawsuit was filed, then, for all the same policy reasons that underlie the doctrine of claim preclusion, it is incumbent on the plaintiff either to 1) include the second claim in the original complaint or 2) bring the second claim into the first action by a motion to amend filed early enough to be allowed without undue disruption of the existing case. Neither the defendant nor the judicial system should have to bear the considerable expense or inconvenience of plaintiff's failure to do so.

Integrated Techs. Ltd. v. Biochem Immunosystems, Inc., 2 F. Supp. 2d 97, 102-03 (D. Mass. 1998). Instead, appeal from denial of the motion to amend is the appropriate remedy.

Courts have, however, distinguished cases where amendment was sought to add a new defendant rather than simply new claims. E.g., N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 88-89

(2d Cir. 2000). For that reason, whether a motion to amend seeking to add a new party will preclude subsequent action depends upon whether the parties are identical or in privity under standard rules of claim preclusion. <u>Id.</u> at 89 n.4 ("Absent an indemnification relationship, we see no reason to suggest that they would have a sufficient alignment of interests to warrant a finding of privity.").

    **B.  Application**

Defendant contends that plaintiff's suit against the City is barred by claim preclusion. With respect to identity of the cause of action, the City asserts that the claims arise out of the same nucleus of operative facts and seeks redress for the same basic wrong: the officers' alleged unlawfulness in arresting Silva. As for identity of the parties, the City argues that it has a sufficiently close and significant relationship with the officers to fall under the doctrine of non-mutual claim preclusion. Indeed, Silva tried to amend her complaint in the prior action for this very purpose and her motion was denied. As such, the City maintains that to allow her to bring the claim here is not only contrary to precedent but would reward Silva's delay and force the City to bear the burden.

Silva responds that "there is no identity of the causes of action nor any identity of the parties." First, she contends that defendant has claim preclusion in reverse. Although a

judgment for the officers would preclude a subsequent suit against the City, judgment <u>against</u> the officers does not have the same result but instead establishes a necessary prerequisite for her claim of municipal liability.

Second, she argues that her two causes of action were not and could not have been at issue in the prior case and thus were not a part of that judgment. Count I seeks liability for the negligence of the officers pursuant to the Massachusetts Tort Claims Act. Silva contends that because she was required to wait until after a mandatory six-month notice period to bring such a claim and because her attempt to add the claim after that period was denied, it was not a part of the first suit or its judgment. Count II asserts a claim for municipal liability under § 1983 which, Silva states, does not lie under principles of <u>respondeat superior</u> and must instead be based upon the policy or custom of the city that led to the allegedly unlawful actions of its officers. Such a claim, Silva maintains, is distinct from any allegations about the individual acts of the officers and thus is not barred under claim preclusion.

The Court will allow the motion to dismiss. It is impossible to read the complaints in the two subject suits and conclude that this case is anything other than an attempted end-run around the first court's denial of Silva's motion to amend her complaint to add the City as a defendant. Count II in this

complaint is virtually identical to Count I of the prior complaint and Count I in the current complaint is identical to a count that Silva sought to add in her motion to amend. Claim preclusion and res judicata exist to prevent such maneuvering. Integrated Techs. Ltd., Inc., 2 F. Supp. 2d at 102-03.

The Court considers the two contested elements of claim preclusion (identity of the causes of action and identity of the parties) in turn.

### 1. Identity of Causes of Action

As the City contends, the two suits advance the same cause of action under First Circuit standards. The claims are founded upon the same transaction and arose out of the same nucleus of operative facts (i.e., the actions of Gibney and Sauve) and, as such, the fact that new legal theories have been advanced here does not prevent preclusion. Kale, 924 F.2d at 1166.

Silva's attempts to distinguish her case are unpersuasive. With respect to her negligence claim, she offers two arguments. First, her bare (and obvious) assertion that this cause of action was not formally a part of the first suit is unavailing in light of the standard set forth in Kale. Second, Silva seeks to defend her decision not to raise this claim previously based upon the statute's required six-month notice period. That argument, however, is unfounded because she had ample opportunity to account for that requirement in the initial suit. She could have

waited to file suit altogether or, alternatively, moved to amend her complaint once the six-month period expired in January, 2008 (instead of in November, 2008), at which point the court likely would have been much less inclined to deny it as "too late".

With respect to her claim of municipal liability for illegal policy, custom or procedure, Silva's contentions similarly fall short.  Although, to be sure, such a claim could raise allegations independent of the specific acts of the officers and might, in that case, present a closer question, Silva's complaint does not do so.  Instead, her assertions with respect to City custom or policy are based entirely on the alleged actions of Gibney and Sauve in this particular instance as somehow evidencing broader City policy.  Such allegations are too thin to support liability and, in any event, are barred under Kale as arising exclusively from the same operative facts.

### 2. Identity of Parties

Nor does the fact that the motion to amend sought to add a new defendant rather than simply new claims foreclose the application of claim preclusion.  In short, the City has shown good reason why it should have been joined in the first action and Silva has shown no good reason to justify a second chance. San Juan Hotel, 841 F.2d at 10.

Moreover, although plaintiff's complaints are ambiguous, to the extent the two suits implicate the officers in different

-11-

capacities (i.e., official versus personal), the Court finds that does not foreclose application of claim preclusion. Silva seeks to predicate liability solely on the officers' actions and, in doing so, aligns this case with the previous one under a form of derivative liability. The doctrine of non-mutual claim preclusion has been applied in similar circumstances and should support the City for the same reasons. See Andrews-Clarke, 157 F. Supp. at 100-01; Airframe, 520 F. Supp. 2d at 266. Cf. Russell v. SunAmerica Sec., Inc., 962 F.2d 1169 (5th Cir. 1992) (finding res judicata and identical parties in suit against entity for whom liability was derivative of entity which had settled in the first case); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002) (stating that if an officer "has inflicted no constitutional harm, neither the municipality nor the supervisor can be held liable").

Plaintiff has already recovered $35,000, even if indirectly, from the City based upon the same facts as alleged herein. The Court finds no persuasive reason to allow her to return to the same well again and thus avoid the consequences of her prior inattention and previously-denied motion to amend. Certainly, a more carefully drafted settlement or offer of judgment could have unequivocally disposed of the issue but even without it, the Court concludes that this case should be barred and, accordingly, the case will be dismissed.

**ORDER**

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 8) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 23, 2009